UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
ex rel. TERRANCE KIMBROUGH,
Power of Attorney for BARBARA KIMBROUGH,

Plaintiff/Relator,

v.

HENRY FORD HEALTH SYSTEM and
ELLEN LOUISE AIR, M.D.,

Defendants.

Case No.
Hon.

**JURY DEMAND**

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT**

**I. JURISDICTION AND VENUE**

1. This action arises under the False Claims Act, 31 U.S.C. §§ 3729–3733. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1345 and 31 U.S.C. § 3732(a).

2. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because Defendants reside in, transact business in, and committed acts proscribed by the False Claims Act in the Eastern District of Michigan.

## II. PARTIES

3. Relator, Terrance Kimbrough, is the duly authorized Power of Attorney for Barbara Kimbrough, a Medicare beneficiary. He resides in Michigan and brings this action on behalf of the United States of America.

4. Defendant Henry Ford Health System is a healthcare facility in Michigan that regularly receives federal funds through Medicare and Medicaid.

5. Defendant Dr. Ellen Aire is a physician affiliated with Henry Ford Hospital and was responsible for the treatment of Barbara Kimbrough.

## III. FACTUAL BACKGROUND

6. On or about April 3, 2023, Barbara Kimbrough underwent a spinal cord stimulator procedure under the care of Dr. Air at Henry Ford Hospital.

7. Following the procedure, Ms. Kimbrough experienced paraplegia and was rendered immobile for an extended period. She was later admitted for inpatient rehabilitation and wound care.

8. Despite having a cardiac pacemaker, advanced age, cognitive impairment, and immobility—factors contraindicated under LCD L33802 and NCD 160.12—Defendants provided or billed for NMES therapy.

9. Medicare coverage guidelines (LCD L33802 and NCD 160.12) clearly state that NMES is not medically necessary or reimbursable for patients with cardiac pacemakers or significant cognitive impairments.

10. Defendants knowingly submitted or caused to be submitted claims to Medicare for NMES services not eligible for reimbursement.

## IV. CLAIM FOR RELIEF

11. Defendants violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), by knowingly presenting, or causing to be presented, false or fraudulent claims for payment or approval.

12. Defendants also violated 31 U.S.C. § 3729(a)(1)(B), by knowingly making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

## V. SUPPORTING AUTHORITY

13. Medicare's National Coverage Determination (NCD) 160.12 limits NMES coverage to highly specific clinical scenarios not applicable to Barbara Kimbrough's condition.

14. Local Coverage Determination (LCD) L33802 prohibits Neuromuscular Electrical Stimulation (NMES) for patients with cardiac pacemakers, severe cognitive impairment, or lack of functional rehabilitation potential.

15. Case law supports that knowingly billing Medicare for contraindicated services constitutes fraud. See United States ex rel. Bennett v. Medtronic, Inc., 747 F. Supp. 2d 745 (S.D. Tex. 2010); United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419 (2023).

## VI. PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests judgment against Defendants as follows:

    a. Treble damages as allowed under 31 U.S.C. § 3729;

    b. Civil penalties for each false claim submitted;

    c. Costs of this action, including attorney's fees;

    d. Any other relief the Court deems just and proper.

Respectfully submitted:

Dated: September 19, 2025

/s/ Dionne E. Webster-Cox
Dionne E. Webster-Cox (P70422)
Attorney ex rel. TERRANCE KIMBROUGH,
Power of Attorney for BARBARA KIMBROUGH
24100 Southfield Road, Ste. 100
Southfield, MI  48075
734-215-2444 / 734-943-6069 Fax
dewc@websterlawofficepllc.com
admin@websterlawofficepllc.com

# VERIFICATION

I, Terrance Kimbrough, am the Relator in the foregoing Complaint and the duly authorized Power of Attorney for Barbara Kimbrough. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: Sept 19, 2025

Signature: _____
Terrence Kimbrough (Sep 19, 2025 10:12:55 EDT)

Terrance Kimbrough
Power of Attorney for Barbara Kimbrough

# Qui_Tam_Complaint_Kimbrough_v_HFH

Final Audit Report                                                                 2025-09-19

| | |
|---|---|
| Created: | 2025-09-19 |
| By: | Dionne Webster-Cox (dewc@websterlawofficepllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAnCsV16Oihs3deCcdstn7dENmlhaZbpsl |

## "Qui_Tam_Complaint_Kimbrough_v_HFH" History

- Document created by Dionne Webster-Cox (dewc@websterlawofficepllc.com)
  2025-09-19 - 2:02:31 PM GMT

- Document emailed to Terrance Kimbrough (tkimbrough@hotmail.com) for signature
  2025-09-19 - 2:02:35 PM GMT

- Email viewed by Terrance Kimbrough (tkimbrough@hotmail.com)
  2025-09-19 - 2:09:52 PM GMT

- Signer Terrance Kimbrough (tkimbrough@hotmail.com) entered name at signing as Terrence Kimbrough
  2025-09-19 - 2:12:53 PM GMT

- Document e-signed by Terrence Kimbrough (tkimbrough@hotmail.com)
  Signature Date: 2025-09-19 - 2:12:55 PM GMT - Time Source: server

- Agreement completed.
  2025-09-19 - 2:12:55 PM GMT

![Adobe Acrobat Sign]